**Frank HARTFIELD,
Employee/Respondent,**

v.

**FERRO MAGNETICS/Virginia Surety
c/o Cambridge Integrated Services,
Employer/Insurer/Appellant,**

and

**Hussman/Indemnity Insurance Corporation of North America, Employer/Insurer/Respondent.**

No. ED 84708.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 18, 2005.

Jeffrey M. Proske, St. Louis, MO, for appellant.

Jeffrey P. Gault, Clayton, MO, Kenneth D. Alexander, St. Louis, MO, for respondent.

Before PATRICIA L. COHEN, P.J. and KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ.

## ORDER

PER CURIAM.

Ferro Magnetics (Ferro) appeals from the award of the Labor and Industrial Relations Commission (Commission) affirming the award of the Administrative Law Judge (ALJ) finding Frank Hartfield's (Claimant) work at Ferro exposed him to carpal tunnel syndrome and was a substantial factor in his current need for treatment. The Commission also held that the three month exclusion of Section 287.067(7), RSMo 2000,[1] did not apply to bar Ferro from liability. On appeal, Ferro argues the Commission erred (1) in ruling that Claimant sustained a new injury and that Ferro was a substantial factor in Claimant's present need for surgery, (2) in ruling that Ferro was the last employer to expose Claimant to carpal tunnel syndrome and that the three month exception under Section 287.067(7) did not apply, (3) in ruling that Ferro failed to demonstrate that exposure at Hussman Corporation (Hussman) between July of 2001 and October of 2002 was a substantial contributing factor for Claimant's new need for treatment, and (4) in failing to rule that a prior settlement between Claimant and Hussman for permanent partial disability precluded the claim against Ferro. We affirm.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. An opinion would have no precedential value nor serve any jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order pursuant to Rule 84.16(b).

---

1. Unless otherwise indicated, all further statutory references are to RSMo 2000.